UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                      Case No. 24-cr-20442
v.                                Hon. Sean F. Cox

JOEL MICHAEL ADELSBERG,

      Defendant.
_____

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**
_____

      The United States respectfully submits this response to the defendant's motion to modify conditions of pretrial release. The defendant, Joel Michael Adelsberg, is on pretrial release for distribution and possession of child pornography, and now seeks to modify those customary terms of release in child exploitation cases. Specifically, he asks the Court: (1) to modify or allow him not to fill out a standard medical release form; and (2) to allow him to substitute in his private treatment provider rather than undergo assessment by a contract provider approved by pretrial services. Although the government ultimately defers to pretrial services and the Court on how best to supervise the defendant, Adelsberg's motion fails to show that modification is necessary or appropriate in this case and should be denied.

I.   **Background**

On August 7, 2024, the Grand Jury returned an indictment charging Adelsberg with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count 1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF No. 1. The charges stem from a February 2024 search warrant of Adelsberg's residence and his electronic devices in which law enforcement found evidence that Adelsberg had shared and received child pornography online. During the search, after being advised of his *Miranda* rights, Adelsberg admitted that law enforcement would find child pornography on his phone, and that he had exchanged such material online. He also admitted that he had 10 to 20 conversations with underage girls online throughout his life. Shortly after law enforcement conducted the search warrant, Adelsberg voluntarily sought out mental health treatment before he was indicted. *See* ECF No. 19 at PageID.49.

On August 13, 2024, Adelsberg was released on bond, subject to numerous standard conditions for the charged offenses (as modified on August 16, 2024), including that he:

- Agree to participate in treatment for specialized services as directed by the pretrial services officer;
- Obtain medical or mental health treatment as directed.

ECF No. 15.

2

On September 23, 2024, Adelsberg filed the instant motion seeking to modify those conditions. ECF No. 19. The motion centers around a disagreement between Adelsberg and pretrial services about a medical release form that would allow pretrial services to obtain information from Adelsberg's private treatment provider—information necessary for pretrial services to ensure Adelsberg is receiving adequate treatment, and is not a risk of harm to himself or others. *See* ECF No. 19. Because Adelsberg so far has refused to sign the release form, pretrial services has since referred him to a contract medical provider to conduct an assessment as part of his bond conditions. ECF No. 19-6 at PageID.68.

Adelsberg requests that he: (1) be permitted to continue treatment at the medical provider that he voluntarily sought out pre-indictment; and (2) if necessary, be allowed to prepare a custom medical release form to allow pretrial services to access limited information from his provider. ECF No. 19 at PageID.48. This request is in lieu of Adelsberg undergoing a separate medical assessment.

II. **Defendant's Motion Fails to Establish Grounds to Modify Bond Conditions**

Adelsberg's motion attempts to narrow the scope of the release form—and thus the information that pretrial services can obtain to supervise him—arguing, in conclusory fashion, that "the release form requests the release of far more information than Pretrial Services requested and information that would jeopardize the defense and unfairly expose defense strategy." ECF No. 19 at PageID.52. But

3

Adelsberg's undeveloped argument does not identify what information the release form would require him to disclose that he believes goes too far, nor does he identify what portions of the release should be modified and why. *See id.*

As a starting point, the release form appears to be a standard document used across jurisdictions to allow pretrial services to obtain mental health information from providers to properly supervise those on bond. *See* ECF No. 19-2 (Form PS 6D, United States Pretrial Services System Authorization To Release Confidential Information Mental Health Treatment Programs). The information to be released under the form includes:

> [D]ate of entrance to program; attendance records; drug detection test results; type, frequency, and effectiveness of therapy; general adjustment to program rules; type and dosage of medication; response to treatment; test results (e.g., psychological, psycho-physiological measurements, vocational, sex offense specific evaluations); date of and reason for withdrawal or termination from program; diagnosis; and prognosis.

*Id.* The Form PS 6D also details the specific use for the confidential medical information:

> This information is to be used in connection with my [the defendant's] participation in the above-mentioned program, which has been made a condition of my pretrial supervision, and may be used by the pretrial services officer for the purpose of keeping the pretrial services officer informed concerning compliance with any condition or special condition of my supervision.

*Id.*

4

Given the seriousness of the pending charges and the underlying conduct, the government is concerned that Adelsberg is attempting to skirt bond conditions, and limit pretrial services' ability to properly supervise him. The scope of the information and its intended uses are clearly outlined in the release form. Permitting pretrial services to access this medical information is paramount for the safety of the community, and for ensuring Adelsberg's success while on bond. *See* ECF No. 19-4 at PageID.63 (pretrial services' email to defense counsel outlining intent to speak with Adelsberg's private treatment provider).

To the extent Adelsberg questions why his private provider's treatment does not satisfy his bond conditions, ECF No. 19 at PageID.52-53, it may be that he is receiving adequate treatment that would meet those conditions. But without sufficient medical information for pretrial services to make that determination, Adelsberg's remaining option is to undergo assessment by a pretrial services' approved contract provider. *See* ECF No. 19-6 at PageID.68. And being required to undergo a separate assessment does not prevent Adelsberg from continuing voluntary treatment with his private provider, despite his contrary suggestions. *See* ECF No. 19 at PageID.54. If Adelsberg wishes to continue supervision on bond, he must comply with pretrial services' reasonable requests.

In sum, although the government ultimately defers to pretrial services and the Court's decision on best strategies to supervise Adelsberg, his motion does not

5

clearly establish why the Court should modify his bond conditions and should be denied.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

*s/Sean L. King*
SEAN L. KING
DIANE N. PRINC
Assistant United States Attorneys
211 W. Fort. St. Suite 2001
Detroit, Michigan 48226
313-226-9727
sean.king@usdoj.gov

Dated: October 7, 2024